UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LEE JOSEPH VIDRINE** | **CASE NO.  6:23-CV-01500** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **CAPITAL ONE BANK** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is the Motion to Dismiss under F.R.C.P. Rule 12(b)(6) filed by Defendant, Capital One, N.A. (Rec. Doc. 4). Plaintiff, proceeding *pro se*, did not file an opposition. The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.  Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Capital One's Motion be granted and that Plaintiff's claims be dismissed without prejudice.

Plaintiff filed a *pro se* complaint asserting diversity jurisdiction and attempting to state claims based on three letters he allegedly sent to Capital One's CFO. (Rec. Doc. 1). He states that he "is seeking relief from the court by demanding [Capital One] the plaintiff's rights to his credits by accepting the indorsed bill of

exchange as payment and applying the principals balance to the principals account every billing cycle for set-off and or $15,000,000." (Rec. Doc. 1, ¶5).

Capital One moves to dismiss the complaint as nonsensical and devoid of cognizable factual allegations or causes of action. The pleadings of *pro se* litigants are held to a more lenient standard than those of attorneys and are construed liberally to prevent a loss of rights that might result from inartful expression. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). However, *pro se* plaintiffs are required to plead factual allegations that rise above a speculative level, and courts should not create causes of action where none exist. *Chhim v. University of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed, but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss. *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020); *Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014).

In determining whether a complaint filed by a plaintiff proceeding *in forma pauperis* fails to state a claim, the court should apply the same standards governing dismissals under Fed. R. Civ. P. 12(b)(6). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Thus, the court must limit itself to the contents of the pleadings, accept all well-pleaded facts as true, view the facts in a light most favorable to the plaintiff,

and determine whether the plaintiff has plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). Even applying the mandated plaintiff-friendly standard, the Court agrees that Plaintiff's complaint lacks sufficient facts to support any cognizable cause of action. Plaintiff did not oppose Capital One's Motion to Dismiss and has not indicated a desire to amend the complaint. Accordingly, the Court recommends that Capital One's Motion to Dismiss (Rec. Doc. 4) be GRANTED and that Plaintiff's claims be dismissed without prejudice.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d

1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

      THUS DONE in Chambers, Lafayette, Louisiana on this 9th day of February, 2024.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE